USAO#2026R00385
JMB

FILED ____ ENTERED
LODGED ____ RECEIVED

MAY 27 2026

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| .UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 1:26-mj-01302-EA |
| | * | |
| RAFAEL ANTONIO MELGAR | * | |
| | * | |

*******

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Mark J Carr, being duly sworn, deposes and states the following:

1.    I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since January 25, 2026. Prior to working as a Deportation Officer, I severed two years as a Police Officer at the Easton Police Department, Easton, MD and 16 years as a Deputy Sheriff/ Sergeant at the Queen Anne's County Sheriff's Office, Centreville, MD.  I am authorized by law to interrogate, arrest, search, and seize aliens who are unlawfully present in the United States pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous criminal cases and most recently involving the illegal reentry of aliens into the United States.

2.    I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other enforcement officers involved in the investigation.

3.    Because I have submitted this Affidavit for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation.  Rather, I have set forth only those facts that I believe are necessary to establish probable cause.  I have not, however, excluded any information known to me that would defeat a determination of probable cause.

4.    This Affidavit is submitted in support of a criminal complaint and arrest warrant for Rafael Antonio MELGAR ("MELGAR"), charging him with reentry after removal in violation of 8 U.S.C. § 1326(a).

## PROBABLE CAUSE

5.    The defendant is a citizen and national of El Salvador and not a native, citizen or national of the United States.

6.    On or about July 9, 2015, the US Border Patrol arrested MELGAR near the Rio Grande Valley, TX. MELGAR admitted to being a citizen and national of El Salvador and he did not have documentation allowing him to enter or remain in the United States. MELGAR claimed to have illegally crossed the US/ Mexico border without inspection, admission or parole by an Immigration Official at a designated port of entry. MELGAR was processed for an Expedited Removal, and a Final Order of Removal was issued by an Immigration Judge on July 9, 2015. On July 21, 2015, MELGAR was removed and deported back to El Salvador.

7.    On or about August 30, 2017, the US Border Patrol arrested MELGAR near the Rio Grande Valley, TX. MELGAR admitted to being a citizen and national of El Salvador and he did not have documentation allowing him to enter or remain in the United States. MELGAR claimed to have illegally crossed the US/ Mexico border without inspection, admission or parole by an Immigration Official at a designated port of entry. Immigration database checks revealed MELGAR had a Final Order of Removal issued on July 9, 2015, and had been removed/ deported on July 21, 2015. MELGAR was processed as a "re-instate." On or about August 31, 2017, MELGAR was placed on the Alternative to Detention Program (ATD) and released. MELGAR violated his ATD restrictions on September 20, 2024, January 24, 2025, and July 18, 2025. On

2

November 20, 2025, MELGAR was terminated from the ATD program as a Post Order Program Absconder.

8.      On or about April 9, 2026, ICE ERO Salisbury, Fugitive Operations Unit arrested MELGAR in Ocean City, MD.  Deportation Officers observed a male matching the physical description of Fermin Maldonado, a target of enforcement action, standing outside a Red Honda Pilot New Jersey Registration E38VWR registered to Maldonado. While wearing Police/ ICE markings, Deportation Officers attempted to conduct a field interview to establish alienage and removability. Upon verbally making contact, multiple subjects fled from the immediate area.

9.      Deportation Officers gave chase to another male, later identified as Rafael Antonio MELGAR. MELGAR immediately fled the scene on foot. Officers pursued MELGAR, apprehending him approximately 80 yards from the encounter site. During the interview process, Rafael Antonio MELGAR identified himself as a citizen and national of El Salvador who entered without inspection, admission or parole by an Immigration Official at a designated port of entry. Immigration database records revealed that MELGAR had a Final Order of Removal issued on July 9, 2015. A/SDDO Twigg issued an I-200, Warrant of Arrest which was served on MELGAR. Deportation Officers conducted a search incident to arrest discovering an El Salvadorian Identification card confirming MELGAR's identity. Deportation Officers transported MELGAR to the Salisbury ICE ERO Office and processed him as a "re-instate," meaning that he his prior Final Order of Removal should be applied.

10.      An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's April 9. 2026 arrest with the fingerprints taken in connection with the defendant's July 9, 2015 and August 29, 2017 arrests, and determined that all sets of fingerprints were made by the same individual.

3

11.     There is no record that, following the prior deportation, the defendant ever obtained permission to reenter the United States from the Secretary for Homeland Security, the United States Attorney General, or any other authorized official.

## CONCLUSION

12.     Pursuant to the facts set forth above, I submit that probable cause exists for the issuance of a criminal complaint and warrant for the arrest of MELGAR, an alien who previously had been removed, knowingly entered and was found in the United States without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission in the United States as required by law, in violation of 8 U.S.C. § 1326(a).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Mark J. Carr
Deportation Officer
U.S. Immigration and Customs Enforcement


Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) this __27th__ day of May, 2026.

Honorable Erin Aslan
United States Magistrate Judge